FILED

MAY 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AZEEZ JIMMY IMOHI, | No. 13-71104 |
| Petitioner, | |
| v. | Agency No. A092-905-051 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014**

Before:      CLIFTON, BEA, and WATFORD, Circuit Judges.

Azeez Jimmy Imohi, a native and citizen of Nigeria, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the BIA's denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we deny the petition for review.

The BIA did not abuse its discretion in denying Imohi's untimely motion to reopen because it considered the record and acted within its broad discretion in determining the evidence was insufficient to warrant reopening. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (requiring movant to establish prima facie eligibility for relief and discussing consequences of lack of credibility). We reject Imohi's contentions that the BIA improperly analyzed his claim.

Further, we do not consider any challenge Imohi raises to the agency's underlying denial of asylum, withholding of removal, and protection under the Convention Against Torture, in light of our decision in *Imohi v. INS*, No. 94-70705, 1996 WL 297612 (9th Cir. June 05, 1996).

Finally, we reject Imohi's collateral estoppel argument.

**PETITION FOR REVIEW DENIED.**